UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES TRAYZON GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-03006-WTL-MJD |
| ) | |
| iUNIVERSE, INC., ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Amended Complaint**

Plaintiff Charles Trayzon Gilbert filed this civil action against iUniverse, Inc. ("iUniverse"). Mr. Gilbert is a prisoner of the State of California and iUniverse is a self-publishing company located in Bloomington, Indiana. See http://www.iuniverse.com/AboutUs.aspx. The Entry of December 21, 2016, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and gave the plaintiff the opportunity to file an amended complaint.

The plaintiff filed an amended complaint on January 23, 2017. The amended complaint alleges that the plaintiff wrote a manuscript containing autobiographical accounts that was stolen and published by iUniverse. Included in the book is a photograph of the plaintiff which was taken while he was incarcerated. The plaintiff alleges that publication of this information was an invasion of privacy and defamatory. The plaintiff faults iUniverse for not verifying the consent form it received.

The plaintiff states that the publication of his manuscript violated his civil rights and the United States Constitution. Despite this statement, no viable civil rights or constitutional claim has been alleged against the defendant company. To state a claim under 42 U.S.C. § 1983, a

plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). There is no plausible basis to conclude that iUniverse was acting under color of state law when it published the plaintiff's manuscript.

Without a viable claim, this court lacks federal question jurisdiction over this action. "A federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right

to relief is created by or depends on a federal statute or constitutional provision). Similarly, the complaint does not purport to seek jurisdiction over any state law claims based on diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable federal claim over which this Court could exercise subject matter jurisdiction and the complaint is dismissed for lack of jurisdiction.

The plaintiff shall have **through March 15, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 2/22/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES TRAYZON GILBERT
P23761
KERN VALLEY STATE PRISON
P.O. Box 5103
Delano, CA 93216